Jason M. Drangel (JMD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AES 7715)
asands@ipcounselors.com
Annmary Ittan (141372015)
aittan@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Tel: 212-292-5390
Fax: 212-292-5391

Donald A. Beshada
BESHADA FARNESE LLP
dab@beshadafarneselaw.com
108 Wanaque Ave.
Pompton Lakes, New Jersey 07442
Tel: (973) 831-9910
Fax:  (973) 831- 7371

*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK**

| | |
|---|---|
| ONTEL PRODUCTS CORPORATION, *Plaintiff* <br><br> v. <br><br> MINDSCOPE PRODUCTS, *Defendant* | **CIVIL ACTION NO.** _____ <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, Ontel Products Corporation (hereinafter, "Ontel" or "Plaintiff"), by and through its undersigned counsel, brings this action for a declaratory judgment of non-infringement of any purported trade dress rights allegedly owned by Defendant Mindscope

1

Products (hereinafter, "Mindscope" or "Defendant") for the functional product configuration and colors of the toy track used with toy vehicles. Ontel also seeks a declaratory judgment that any alleged trademark or trade dress rights asserted by Mindscope in and to the functional product configuration and colors of a toy track used with toy vehicles are invalid and unenforceable. Ontel hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action arising under the United States Trademark Act of 1946, 15 U.S.C. §§ 1051 *et seq*. ("Lanham Act") and the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202 in which Ontel seeks a declaratory judgment of non-infringement of trade dress rights purportedly owned by Mindscope and that any alleged trademark or trade dress rights asserted by Mindscope are invalid and unenforceable.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the claims arising under the Lanham Act (15 U.S.C. § 1051, et seq.) pursuant to 28 U.S.C. §§ 1331 (federal subject matter jurisdiction), 1338(a) (any act of Congress relating to copyrights, patents and trademarks), and 28 U.S.C. § 2201-02 (Declaratory Judgment Act).

3. This Court has personal jurisdiction over Mindscope because Mindscope conducts business in New Jersey and in this judicial district. Specifically, Mindscope's Twister Tracks products are sold and shipped to consumers in this judicial district.

4. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) because Defendant conducts business in this judicial district, a substantial part of the events or

omissions giving rise to the asserted counts occurred in this judicial district, a substantial part of the subject property is located here, and the harm to Plaintiff has occurred in this district.

## THE PARTIES

5. Plaintiff Ontel is a corporation organized and existing under the laws of the State of New Jersey, with a principal place of business at 21 Law Drive, Fairfield, NJ 07004.

6. Upon information and belief, Defendant Mindscope is a corporation organized and existing under the laws of the State of California, having its principal place of business in Glendale, CA 91331.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

7. Ontel manufactures a toy vehicle and track set under the mark MAGIC TRACKS. The individual pieces of the toy track are attachable and detachable to allow the user to customize the shape of the completed toy track. A photo showing a completed toy track assembled from individual toy track pieces from Ontel's MAGIC TRACKS product ("Ontel Product") is shown in **Exhibit A.**

8. Upon information and belief, Mindscope also manufactures and sells toy vehicles and tracks under the name TWISTER TRACKS. The individual pieces of the toy track are attachable and detachable to allow the user to customize the shape of the completed toy track. A photo showing a completed toy track assembled from individual toy track pieces from Mindscope's TWISTER TRACKS product ("Mindscope Product") is shown in **Exhibit B**.

9. Both the Ontel Product and the Mindscope Product are products that consist of individual toy track pieces that are functionally shaped to allow assembly of the individual toy

track pieces into a completed toy track that can twist and bend while the individual toy track pieces still remain connected.

10. Both the Ontel Product and Mindscope Product contain individual toy track pieces in a multitude of primary and secondary colors.

11. Upon information and belief, on or about February 16, 2016, the U.S. Patent and Trademark Office granted Mindscope the following five (5) trademark registrations: U.S. Trademark Reg. Nos. 4,900,468 (yellow); 4,900,469 (red); 4,900,465 (green); 4,900,464 (blue); and 4,900,462 (purple), (hereinafter, collectively, "Mindscope's Registrations"). Certificates of Registration for Mindscope's Registrations are attached hereto as **Exhibit C**.

12. Mindscope claims in Mindscope's Registrations that it owns trade dress rights in "…a three dimensional multiplicity design of interconnecting [ ] links that form a rail track for toy vehicles. The broken lines depicting the rail for the tracks indicate placement of the mark on the goods and are not part of the mark." The color [yellow, black, red, green, blue and purple] is/are claimed as a feature of the mark."

13. Well prior to the date of first use claimed in Mindscope's Registrations (November 16, 2010) and simultaneous thereto, numerous third parties have sold toy vehicle and track products in a multitude of primary and secondary colors. Attached hereto as **Exhibit D** is a sampling such of third party products.

14. Mindscope, acting through its attorneys, sent a cease and desist letter to Ontel on or about March 8, 2016 in which Mindscope alleges that the sale of the Ontel Product by Ontel infringes Mindscope's alleged trade dress rights claimed in Mindscope's Registrations and indicates that Mindscope "…is prepared to resort to any and all legal means necessary to enforce [its] rights, including filing a suit for a permanent injunction, damages, and legal fees." A copy

of Mindscope's March 8, 2016 cease and desist letter to Ontel is attached hereto as **Exhibit E**.

15. Mindscope's allegations that the offer for sale and sales of the Ontel Product infringes Mindscope's alleged trade dress rights creates a substantial justiciable controversy between the parties, having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment in this instance.  Such accusations have given rise to a case of actual controversy within the jurisdiction of this Court pursuant to 28 U.S.C. §§2201-02.

### COUNT ONE
**(Declaratory Judgment of Invalidity of U.S. Trademark Registration Nos. 4,900,468 (yellow); 4,900,469 (red); 4,900,465 (green); 4,900,464 (blue); and 4,900,462 (purple) on the Basis that the Claimed Marks are Void Ab Initio)**

16. Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

17. Mindscope Products are sold in packages that contain numerous different colors of individual toy track pieces.  Upon information and belief, Mindscope does not sell any toy vehicle and track products that contain only a single color of individual toy track pieces.

18. Mindscope has never used any of the colors of its individual toy track pieces "as a mark" as required by the Lanham Act in order for any such mark to be protected, and to allow for a consumer to affiliate a specific color with the specific source of the product.

19. Mindscope's Registrations are *void ab initio* on the basis that the alleged marks have never been used as trademarks as required by the Lanham Act.

20. There are a number of manufacturers of attachable and detachable toy vehicle and track products that use, and have used since prior to the claimed date of first use in Mindscope's Registrations, the same product configuration as the Mindscope Product and also use the same primary and secondary colors for attachable and detachable toy track pieces, and consumers do

5

not associate such product configurations or colors as source identifying features of these products.

21. Mindscope's Registrations are also *void ab initio* on the basis that these marks have not been used "exclusively and continuously" as alleged by Mindscope.

**COUNT TWO**
**(Declaratory Judgment of Invalidity of U.S. Trademark Registration Nos. 4,900,468 (yellow); 4,900,469 (red); 4,900,465 (green); 4,900,464 (blue); and 4,900,462 (purple) on the Basis of Functionality)**

22. Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

23. As alleged in Mindscope's Registrations, Mindscope seeks to protect the color and/or product configuration of its toy track pieces as Mindscope's alleged trade dress.

24. The design of the interconnecting individual toy track pieces in the Mindscope Product is functional and therefore ineligible for trademark protection because, *inter alia*, it allows the user to manipulate the completed toy track shape and direction by attaching and detaching individual toy track pieces and bend or twist the track.

25. The design of the individual toy track pieces that Mindscope alleges constitutes its product configuration trade dress is essential to the use or purpose of the product and further affects the cost or quality of the product.

26. Mindscope does not own any trademark or trade dress rights in and to the use of solid primary and secondary colors, its individual track pieces, or the assembled toy track comprised of its individual toy track pieces.

27. The colors used by Mindscope for the individual track pieces are commonly used in children's toys and appeal to children. Such colors are aesthetically functional and incapable of functioning as trademarks as applied to any children's toys, including toy track pieces.

28. Allowing trademark protection for the functional product configuration of the assembled toy track or the individual toy track pieces alleged to constitute Mindscope's product configuration trade dress would place Ontel at a significant competitive disadvantage, and deprive Ontel of competitive alternatives.

## COUNT THREE
**(Declaratory Judgment of Invalidity of U.S. Trademark Registration Nos. 4,900,468 (yellow); 4,900,469 (red); 4,900,465 (green); 4,900,464 (blue); and 4,900,462 (purple) Due to Lack of Acquired Distinctiveness)**

29. Plaintiff repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

30. Mindscope does not own any trademark rights in its claimed product configuration trade dress because such alleged trade dress lacks the necessary acquired distinctiveness required for product configuration to be protectable under the Lanham Act.

31. Mindscope does not own any trademark rights in the colors of its toy track pieces because such alleged trade dress lacks the necessary acquired distinctiveness required to be protectable under the Lanham Act.

## COUNT FOUR
**(Declaratory Judgment of Non-Infringement)**

32. Ontel repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

33. The Ontel Product does not infringe any alleged trade dress or trademark rights held by Mindscope.

34. There is no likelihood of consumer confusion as to source, affiliation, sponsorship, or connection with Mindscope that is caused by Ontel's sale of the Ontel Product.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the following relief:

A.  Declare that the advertisement and sale of the Ontel Product by Ontel and Ontel's customers do not violate any of Defendant's rights under the trademark laws of the United States;

B.  Declare that Ontel and Ontel's customers have the right to advertise and sell the Ontel Product free from interference from Mindscope, its officers, agents, servants, employees, attorneys, privies, representatives, successors, and assigns, and any and all persons acting by, through, or under authority of Mindscope;

C.  Declare that Mindscope, its officers, agents, servants, employees, attorneys, privies, representatives, successors, and assigns, and any and all persons acting in concert or participation with it be permanently enjoined from:

   1. Interfering with, or threatening to interfere with, the sale or advertisement of the Ontel Product;

   2. Instituting or prosecuting any lawsuit or other proceeding before the United States Trademark Office which places at issue the right to advertise and sell the Ontel Product.

D.  Declare that Mindscope's Registrations, U.S. Trademark Registration Nos. 4,900,468 (yellow); 4,900,469 (red); 4,900,465 (green); 4,900,464 (blue); and 4,900,462 (purple), are invalid and unenforceable and should be cancelled.

E.  Declare that Mindscope lacks any ownership rights in the claimed product configuration trade dress and the colors used in connection with its Mindscope Product.

F.  Award Ontel its attorney's fees; and

G. Award Ontel such other and further relief, as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff Ontel Products Corporation hereby demands a trial by jury of all issues so triable.

Dated:  March 18, 2016                          EPSTEIN DRANGEL, LLP

By:     s/ Annmary Ittan
Annmary Ittan (141372015)
aittan@ipcounselors.com
Jason M. Drangel (JMD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AES 7715)
asands@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Tel: 212-292-5390
Fax: 212-292-5391